Case 3:17-cv-00447-JAH-BGS **10C02-1612-PL-000146** ~~Document 1-1 Filed 02/07/17~~ PageID.4 Page 1 of 7
Filed: 12/15/2016 3:17:59 PM
Susan Popp
Clerk
Clark County, Indiana

**Clark Circuit Court 2**

STATE OF INDIANA    )    IN THE CLARK COUNTY CIRCUIT COURT
    )    SS:
COUNTY OF CLARK    )    CASE NO

CHRIS CATHEY

          Plaintiff,          NO.

    v.              **JURY TRIAL DEMANDED**

PORTFOLIO RECOVERY ASSOCIATES,
LLC

          Defendant.

## COMPLAINT

### Preliminary Statement

    Plaintiff, Chris CATHEY, by his undersigned counsel, for this Complaint against Defendant Portfolio Recovery Associates, LLC, and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter referred to as "Defendant" or "PRA"), alleges as follows:

### NATURE OF ACTION

1. Plaintiff brings this action against RPM for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### PARTIES

2. Plaintiff, Chris CATHEY ("Plaintiff"), is a natural person and a citizen of Indiana, residing in Clark County, IN.

3. Defendant is a foreign for-profit LLC doing business in Clark County, IN, and is domiciled as an LLC in the state of Delaware, and is registered to do business in the State of Indiana.

### JURISDICTION AND VENUE

4. Federal and State Courts of Indiana have concurrent subject matter jurisdiction over Plaintiff's actions brought under the Telephone Consumer Protection Act.

5. This Court has personal jurisdiction over Defendant because it conducts business in the State of Indiana, and a substantial part of the wrongful acts alleged in this Complaint were committed in Indiana.

6. Venue is proper because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Clark County.

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

9. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls, whether they pay in advance or after the minutes are used. *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014 (2003).

10. On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed calls and calls using an artificial voice or prerecorded message to a wireless number by, or on behalf of, a creditor are permitted only if the calls are made with the "prior express consent"

2

of the called party. *See In the Matter of Rules & Regulations Implementing the Tel.*

*Consumer Prot. Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C. Rcd. 559 (2008).

11. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the
wireless number was provided by the consumer to the creditor, and that such number was
provided during the transaction that resulted in the debt owed." FCC Declaratory Ruling,
23 F.C.C. Rcd. 559, 564-65 ¶ 10 (2008).

12. Under the TCPA, and pursuant to the FCC Declaratory Ruling, the burden is on the
Defendant to demonstrate that the Plaintiff gave his express consent to Defendant to use an
autodialer to call his cellular telephone within the meaning of the statute. *See* FCC
Declaratory Ruling, 23 F.C.C. Rcd. 559, 565 ¶ 10.

## FACTUAL ALLEGATIONS

**A.     Factual Allegations Regarding Defendant**

13. Defendant Portfolio Recovery Associates, LLC (hereinafter "PRA" or "Defendant PRA") is a
subsidiary of PRA Group, Inc., a publically traded company.

14. PRA Group, Inc.'s website states the following about Defendant PRA:

> "A leader in the U.S. debt buying industry, providing credit grantors with a highly valued
> and convenient means to maximize the value of their defaulted debt.
>
> Offering large credit issuers a multistate solution to nonperforming debt. Maintaining a
> record of compliance validated by the successful outcome of comprehensive U.S. debt seller
> audits.
>
> Servicing accounts from seven call centers owned and operated in the U.S., thereby
> reassuring sellers that their former customers' accounts and related data are not managed
> offshore." http://www.pragroup.com/about/core-asset.html, last retrieved December 15,
> 2016.

**B.     Factual Allegations Regarding Plaintiff**

15. Plaintiff previously had one more more accounts with Capital One ("Capital One"), a
national issuer of credit cards and consumer credit.

16. Capital One alleged that Plaintiff owed a debt or debts ("Capital One Debts") to Capital One.

17. Plaintiff is holder of a cell phone ("Cellular Phone"), with service provided by Verizon.

18. Plaintiff was called on his Cellular Phone by Defendant in its attempt to collect the Capital
One Debts.

**C.     Factual Allegations Regarding Plaintiff's TCPA Allegations**

19. Plaintiff is the owner of the Cellular Phone and is charged for each call within the meaning of
47 U.S.C. § 227(b)(1)(A)(iii).

20. Defendant has been calling Plaintiff on the Cellular Phone, upon information and belief, from
at least June or July 2016.

21. Plaintiff has made multiple verbal requests to Defendant to stop calling his Cellular Phone.

22. Despite Plaintiff's requests to Defendant to cease calls, Defendant continued to call
Plaintiff's Cellular Phone.

23. Upon information and belief, Defendant has made 25-50 calls to Plaintiff's Cellular Phone.

24. Some of the calls answered by the Plaintiff and placed by Defendant had: (1) pre-recorded
voice message; or (2) a standard pause and gap before a live operator was available.
Consequently, many, if not all, of the calls made by Defendant to Plaintiff on his Cellular
Phone, including, but not limited to, the calls listed in paragraph 21 above, were made using
an automatic telephone dialing system ("ATDS") and/or artificial or prerecorded voice.

25. Defendant's calls to Plaintiff on his Cellular Phone were made for purposes of collecting a
debt, namely the Capital One Debts

26. Defendant did not obtain prior express consent to call Plaintiff on his Cellular Phone for
purposes of attempting to collect the Capital One Debts. Alternatively, even if Defendant did
have prior express consent to make TCPA regulated calls to Plaintiff's Cellular Phone, said

prior express consent was explicitly revoked by the Plaintiff via repeated and unequivocal requests to cease and desist phone calls.

27. Defendant is responsible for making the above-described ATDS-generated and/or automated or prerecorded calls.

28. These calls caused Plaintiff emotional distress.

29. Plaintiff has been damaged by these illegal calls because his privacy was improperly invaded, minutes were used from his cellular telephone plans, and he was forced to spend time tending to unwanted calls. *See Martin v. Leading Edge Recovery Solutions, LLC*, Case No. 11 C 5886, 2012 WL 3292838 (N.D. Ill. Aug. 10, 2012) (Lefkow, J.).  Furthermore, Plaintiff also incurred injury including but not limited to emotional distress, postage cost, value of time spent in an attempt to resolve this dispute with Defendant incurred as a direct result of Defendant's actions.

## CAUSES OF ACTION

## FIRST COUNT

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)(1)(A)

30. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

31. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff using an ATDS and/or artificial or prerecorded voice.

32. As a result of the Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff presumptively is entitled to an award of $500 in statutory damages for each and every call to his cellular

telephone numbers using and ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Plaintiff is also entitled to and do seek injunctive relief prohibiting the Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 46 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## SECOND COUNT

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)(1)(A)

34. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

35. The foregoing acts and omissions of the Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff using an ATDS and/or artificial or prerecorded voice.

36. As a result of the Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff is entitled to treble damages of up to $1,500 for each and every call to his cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

37. Plaintiff is also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.     A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA

B.     An order enjoining Defendant and/or its affiliates, agents and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

C.     An award to Plaintiff of damages, as allowed by law;

D.     An award to Plaintiff of attorneys' fees and costs, as allowed by law and/or equity;

E.     Leave to amend this Complaint to conform to the evidence presented at trial; and

F.     Orders granting such other and further relief as the Court deems necessary, just, and proper.

## **DEMAND FOR JURY**

Plaintiff demands a trial by jury for all issues so triable.

Dated:  December 15, 2016.

Respectfully submitted,

Syed Ali Saeed (#28759-49)
SAEED & LITTLE, LLP
1433 N. Meridian Street, Suite 202
Indianapolis, Indiana  46202
Telephone: (317) 614-5741
Facsimile:  1-888-422-3151
Email:  ali@sllawfirm.com

Jeff Neuenschwander (#27980-49)
SAEED & LITTLE, LLP
1433 N. Meridian Street, Suite 202
Indianapolis, Indiana  46202
Telephone: (317) 614-5741
Facsimile:  1-888-422-3151
Email:  jeff@sllawfirm.com

*Attorneys for Plaintiff*